McIlvaine, J., dissenting.
I admit that a sheriff having in his hand a writ of replevin, and it being doubtful whether the seizure or detention of the property by him could be justified under the writ, may take from the plaintiff in the writ, a bond of indemnity, upon which a suit could be maintained, in case the seizure or detention should be adjudged a trespass. But I deny that such officer having seized the goods before the execution of a bond, can maintain an action on such bond for damages resulting to him from an omission to perform a plain and unquestionable duty imposed upon him by the statute of the state. A recovery in such ease would bo against public policy, a reward for misfeasance in office.
This case has its origin in Gormley v. Poore, an action in re-plevin pending in the common pleas of Hardin county, wherein Isaac Bolenbaugh, as sheriff, under the order of delivery, had seized the goods, and being in possession, took from the plaintiff the bond upon which this action is founded, which is as follows:
“ Know all men by these presents, that we, L. A. Gorm-ley, I. W. Martin, J. R. Wilson, J. J. Myers and George Longabaugh, are held and firmly bound unto I. Bolenbaugh, sheriff of Hardin county, and state Ohio, in the sum of twelve hundred dollars, the payment of which well and truly to be made, we do hereby jointly and severally bind ourselves. . Sealed with our seals and dated the 3 day of March, A. D. 1877.
“ The condition of this obligation is such, that whereas the said I. Bolenbaugh, sheriff of Hardin county, Ohio, by vir- *516 ture of a writ of replevin, issued out of the court of common pleas of said county dated March 3, 1877, at the suit of L. A. Gormley against J. IT. Poore, did seize and levy on, as the property of the said J. H. Poore, certain goods and chattels, fully described in the return of said writ of replevin, to which reference is hereby made, and whereas said goods and chattels are claimed by persons other than the said J. IT. Poore, now if the said L. A. Gormley shall pay, or cause to be paid, to the said I. Bolenbaugh, sheriff, the full amount of any judgment, or judgment and costs, which may hereafter be recovered against the said I. Bolenbaugh, sheriff, by any person or persons, in any court having jurisdiction thereof, for damages sustained by reason of the seizure and detention of said goods and chattels, or by reason of the detention- thereof, and shall pay the said I. Bolenbaugh, sheriff, all costs, charges and expenses of every description to which he may be subject in consequence, or growing out of the seizure and detention of the goods and chattels aforesaid, and shall also pay all reasonable attorney’s fees or other charges and expenses which the said I. Bolenbaugh, sheriff, shall or may be compelled to pay, or become liable to pay, in order to collect the amount which may be due on this bond from the obligations thereof, to the said L. A. Gormley, then the obligation to be void, otherwise to bo in full force and virtue in law.
“L. A. Gormley, [Seal.]
“ I. W. MaetiN, [Seal.]
“ J. R. WilsoN, [Seal.]
“J.J. Myers, [Seal.]
“ George LoNgabaugh, [Seal.]”
It may be conceded that this bond was taken by mistake instead of an undertaking required by section 5819 of Revised Statutes, which reads as follows : “ The sheriff shall, except as provided in the next section, deliver the property so-taken to the plaintiff, his agent or attorney, when there is executed, by-sufficient surety of the plaintiff, a written undertaking to the defendant, in at least double the value of the property taken, to the effect that the plaintiff shall duly prosecute the action *517 and pay all costs and damages which may be awarded against him ; and the undertaking shall be returned with the order.”
The duty of the sheriff in such cases is prescribed in section 5822 which is as follows: “If the undertaking required by section fifty-eight hundred and nineteen be not given within twenty-four hours after the property is taken, or after the right first accrues to the plaintiff to receive the property from the officer on executing the proper undertaking, the officer shall return the property to the defendant; and if the officer deliver any property so taken to the plaintiff, his agent or attorney, or keep the same from the defendant, without taking such security within the time and in the manner aforesaid, or if he take insufficient security he shall be liable in damages.”
It is not claimed that the bond in suit is sufficient as a statutory undertaking. The claim is, that it is good as a common law bond, and that the delivery of the goods replevined to the plaintiff was a sufficient consideration for the bond. It is quite certain that there was no other consideration than the delivery of the goods to the plaintiff without the undertaking required by the statute.
Poore, the defendant in the replevin suit, recovered, and failing to obtain satisfaction of his judgment from the plaintiff in the action, brought his action by the assignees, against the sheriff, Bolenbaugh, on the ground that he had wrongfully delivered the goods to the plaintiff without his executing an undertaking as required by the statute, and recovered judgment therefor.
The action now under review was then brought by Bolen-baugh on the indemnity bond to recover the amount of the judgment which Poore had recovered against him for neglect of duty in delivering the goods to the plaintiff in replevin, without the undertaking required by statute. The courts below rendered and sustained a judgment against the obligors of the indemnity bond.
This judgment ought to be reversed, not because the terms of the bond do not cover the case made, but because it is against public policy in so far as the loss of the plaintiff, Bolen-baugh, resulted from his wrongful act in his office, in deliver *518 ing the goods to Gormley, plaintiff in replevin, instead of returning them to Poore, defendant in replevin, as the statute Required him to do. It is agreed in this action that the sole ground upon which the action against the sheriff, Bolenbaugh, ''was based, was his failure to thke a replevin bond in the re-plevin suit of Gormley v. Poore.
It appears to me that in affirming the recovery on this bond, the court has ignored the distinction between a bond of indemnity to a sheriff against losses resulting from causes over which he has no control and to which he does not contribute ■by his own misfeasance, and a bond executed to him in con-' sideration of an unlawful act on his part, and where the only breach of the bond is the omission of the sheriff to discharge á duty which is imposed upon him by the plain terms of the statute. • In other words, the judgment of affirmance is in ‘effect a holding that the omission to discharge a plain statutory duty is excused or is equivalent to a discharge of the duty, if it be shown that the omission was not willful or corrupt.
The decision of the court appears to rest mainly on the proposition that the sheriff was not guilty of any moral turpitude in omitting to take a replevin bond. It is true, as the record shows, that the sheriff intended to exact a replevin bond, but the matter was left in the care of his deputy, for that purpose, who prepared the bond in suit, which was executed by the plaintiff in replevin and his sureties, with full knowledge of its terms, whereupon the goods were delivered 1 to the plaintiff in replevin. The only consideration of the bond was such delivery. Without a good and lawful consideration the bond was void. The only consideration relied on was a violation of the statute which required -the goods to be delivered to the defendant, Poore, unless a replevin bond was executed within twenty-four hours. It appears to me the intention or motive of the sheriff is immaterial. The fact is, the replevin bond was not executed, and for this neglect, the' sheriff was held liable to Poore, and it seems plain to me that this neglect of a plain statutory duty wras not a good or sufficient consideration for the bond, in the present action.